ROBERT SMITH, Jr., Chief Judge,
dissenting.
In my opinion the trial court unduly and prejudicially limited appellant’s valuable right of cross-examination by forbidding questions to the prosecution witness Smith concerning his conversations with authorities that, should he plead guilty and testify against appellant, the prosecutor would recommend no more than a 10-year sentence for Smith and the court would consider even a probationary sentence. Though, as the trial court noted Smith forfeited any benefit of that agreement by going to his separate trial, persisting vainly in his not guilty plea, Smith after conviction still expected and hoped for leniency in sentencing, and he hoped to earn it by testifying for the state in appellant’s separate trial. Appellant’s counsel was entitled to show not only that the witness Smith hoped for leniency but also the basis in his mind for that undoubted hope, whether well-founded or not.
In my opinion the trial court also unduly restricted counsel’s cross-examination into the credibility and competency of the same witness, by foreclosing questions concerning Smith’s drug usage and its effect upon his ability to testify clearly and truthfully.
I would reverse the judgment and require a new trial.